## MARY PRATT *vs.* JOSEPH W. RUSSELL.

The maker of a promissory note, who had been discharged therefrom in bankruptcy, being asked by an agent of the holder to give a new note for the debt, declined to do so, but added: "I have always said, and still say, that she shall have her pay." It was held, that a jury might properly construe these words as a distinct and unequivocal promise to pay the note.

THIS was assumpsit on a promissory note. The defendant specified in defence, and proved, a discharge under the United States bankrupt act; to avoid the effect of which the plaintiff relied on a new promise, made since the discharge, to pay the

note; and called a witness, who testified, that at the request of the plaintiff, he called on the defendant, and looked over with him the accounts between the parties; that he told the defendant that the plaintiff wanted him to do something about this note; that she would be glad to have him give a new note; that she wanted the old note in such shape that she could get it some time or other; that the defendant answered, that he was not willing to put the principal and interest into a new note, but said that he had always said, and still said, that she should have her pay; that the witness then remarked that if he was not willing to put it all into a note, he ought to in‑ dorse on this note the balance due him on the accounts; which with the defendant's consent was then done.

The defendant thereupon contended that to revive the debt, the plaintiff must prove an express and unequivocal promise to pay it, made by the defendant since the discharge; that no such promise could be legally or properly implied from the language of the defendant, as testified to by the witness; and that there was no evidence in the case sufficient to warrant the jury in finding such express and unequivocal promise, and requested the court of common pleas so to instruct the jury.

But *Byington,* J., before whom the case was tried, declined so to instruct the jury, but did instruct them that, to entitle the plaintiff to recover, he must prove a distinct and unequi‑ vocal promise to pay the note by the defendant, after his dis‑ charge in bankruptcy; that no precise form of words was necessary, but that when words used were relied on as show‑ ing such promise, they must be such words as were capable of meaning or expressing such promise, and must appear to have been used by the party with the intention of making a promise to pay the note. And the judge was of the opinion that the words used were capable of meaning or expressing such a promise, and left it to the jury to say whether the de‑ fendant intended, by the words he used, to promise to pay the note.

A verdict having been returned for the plaintiff, the defend‑ ant alleged exceptions.

*E. Merwin,* for the defendant. The plaintiff must prove a

distinct and unequivocal promise to pay the debt. *Merriam* v. *Bayley*, 1 Cush. 77; *Moore* v. *Viele*, 4 Wend. 420; *Depuy* v. *Swart*, 3 Wend. 135, 139; 1 Steph. N. P. 695. The evidence offered did not prove such a promise. *Mucklow* v. *St. George*, 4 Taunt. 613; *Fleming* v. *Hayne*, 1 Stark. R. 370; *Lynbuy* v. *Weightman*, 5 Esp. R. 198; *Jones* v. *Moore*, 5 Binn. 573, 580; *Thompson* v. *Lay*, 4 Pick. 48; *Ford* v. *Phillips*, 1 Pick. 202; *Exeter Bank* v. *Sullivan*, 6 N. H. 124; *Atwood* v. *Coburn*, 4 N. H. 315; *Bangs* v. *Hall*, 2 Pick. 368, 377. The ruling of the court was inconsistent, and improperly left to the jury to decide upon the legal effect of the evidence. *Fiske* v. *Needham*, 11 Mass. 452, 456; *Miller* v. *Lancaster*, 4 Greenl. 159; *Bicknell* v. *Keppel*, 1 New Rep. 20; *Atwood* v. *Coburn*, 4 N. H. 315; *Rice* v. *Dwight Man. Co.* 2 Cush. 80.

*J. D. Colt*, for the plaintiff, cited Chit. Con. 47, 73; *Gould* v. *Shirley*, 2 Moore & Payne, 581; *Colledge* v. *Horn*, 3 Bing. 119; *Buswell* v. *Roby*, 3 N. H. 467; *Swann* v. *Sowell*, 2 B. & Ald. 759, 763.

SHAW, C. J. We cannot perceive any objection to the directions given to the jury. Undoubtedly to revive a debt barred by a statute discharge, an express promise is necessary, in contradistinction to a promise implied from an acknowledgment of the existence of the debt. So the judge directed. But the evidence tended to prove two forms of expression used by the defendant, on the same occasion; one declining to give a written promise, the other amounting to a verbal promise. The words, as he must have used them in the present tense, in answer to a claim of payment to be made by him, " I have always said, and still say, that she shall have her pay," are capable of being construed a promise, but might be counteracted by the other expression. It was for the jury to decide upon the credit of the witness, and the accuracy of his recollection, and thus decide what was said. *Exceptions overruled.*